JUDGE FORREST

**18 CV 7565**

Edward W. Floyd
Luke F. Zadkovich
FLOYD ZADKOVICH (US) LLP
215 Park Avenue South, 11th Floor
New York, NY 10003
(917) 999-6914

ed.floyd@floydzad.com
luke.zadkovich@floydzad.com

*Attorneys for Petitioner*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CZECH REPUBLIC,                                  Case No.:

                        Petitioner,       **PETITION TO CONFIRM A**
                                                                   **FOREIGN ARBITRAL AWARD**

    -against-

A11Y LTD.

                        Respondent.
------------------------------------------------------------------x

Petitioner, the Czech Republic ("Petitioner" or "Czech Republic"), by its attorneys Floyd Zadkovich (US) LLP, as and for its Petition to Confirm a Foreign Arbitral Award as against respondent, A11Y Ltd. ("Respondent" or "A11Y"), hereby alleges as follows:

### The Arbitration and the Convention

1. This proceeding seeks confirmation of a foreign arbitral award which was issued, on June 29, 2018 (the "Award"), in connection with an arbitration seated in Paris, France and conducted by a tribunal (the "Tribunal") pursuant to the UNCITRAL Arbitration Rules (1976).

2. Both France (which was the seat of the Arbitration) and the United States (wherein this Petition is brought) are parties to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 3 (the "Convention").

1

### The Parties

1. The Czech Republic is a foreign state which stood as respondent in the Arbitration.

2. A11Y is an English business entity which, on information and belief, maintains its registered office address at Kemp House, 160 City Road, London, United Kingdom EC1V 2NX.

### Jurisdiction

3. This Court has subject matter jurisdiction pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1331.

4. This Court has personal jurisdiction over A11Y because, on information and belief, a very substantial amount of A11Y's property is currently, and has been for quite a while, located within the State of New York. That is so because, as is set forth in the accompanying Declaration of Dr. Alfred Siwy, dated August 17, 2018 (the "Siwy Declaration"), during the course of the Arbitration, the organization providing administration (the International Centre for Settlement of Investment Disputes, or "ICSID") issued multiple correspondences to the A11Y and the Czech Republic for the parties to respectively deposit substantial funds into a trust account held at Wells Fargo N.A., 375 Park Avenue, New York, New York 10152. (Siwy Decl. ¶¶ 16-18) The portion of those funds which were not applied towards arbitration-related fees remained the property of the respective parties and were held in trust for them at Wells Fargo in, as ICSID described it, "the trust fund account established for this case [i.e., the Arbitration]. (Siwy Decl. ¶ 15-17)

5. The current amount refundable to A11Y is, according to an August 15, 2018 notice from ICSID, $104,656.52. (Siwy Decl. ¶ 21) Not only is that property located in New York State but that property also has a direct connection to, or substantial nexus with, the Arbitration and thereby the basis for the instant Petition. Moreover, on information and belief, the funds held in

trust at Wells Fargo could well represent the bulk of A11Y's assets. (*See* Siwy Declaration ¶ 23 [concerning an A11Y director's statement that A11Y has substantial financial constraints].)

## The Arbitration and the Award

6. The Arbitration was formally captioned as *In the Matter of an Arbitration under Article 8(2)(A) of the Agreement of the United Kingdom of Great Britain and Northern Ireland and the Government of the Czech and Slovak Federal Republic for the Promotion and Protection of Investments and the UNCITRAL Arbitration Rules (1976)*.

7. A11Y filed its Notice of Arbitration on or about 14 October 2014. In the ensuing proceedings, it asserted various claims against the Czech Republic, including claims for indirect expropriation.

8. The agreement which provided the basis for the Arbitration was Article 8(2)(A) of the bilateral investment treaty ("BIT") formally titled as the *Agreement of the United Kingdom of Great Britain and Northern Ireland and the Government of the Czech and Slovak Federal Republic for the Promotion and Protection of Investments*. A copy of the ("BIT") is annexed to the Siwy Declaration as **Exhibit A.**

9. Ultimately, the Tribunal handling the Arbitration issued its final award (i.e., the Award as to which this Petition seeks confirmation) on June 29, 2018. A copy of a certified copy of the award is annexed to the Siwy Declaration as **Exhibit B**.

10. As is more fully set forth at paragraph 249 of the Award, it confirms that the Tribunal unanimously "decide[d], declare[d] and awarde[d]" that:

> a. "The Tribunal had jurisdiction over the [A11Y's] indirect expropriation claims;"

3

    b. "[A11Y's] case on the merits fail[ed] in its entirety as it ha[d] not discharged its burden of proving that the measures complained of [were] tantamount to an indirect expropriation under Article 5 of the [pertinent] Treaty;"

    c. "[The Czech Republic had] not indirectly expropriated the [A11Y's] investment;"

    d. "[A11Y was] ordered to pay to [the Czech Republic] the amount of USD 373,932.02 representing [the Czech Republic's] share of the costs and expenses of the arbitration as detailed in paragraphs 236 to 244 [therein]"; AND

    e. "All other claims and requests for relief by both Parties [were] dismissed."

(Siwy Decl. ¶ 7)

11.     Basically, the Czech Republic prevailed in all respects, and the Tribunal's Award provided that A11Y shall pay $373,932.02 to the Czech Republic for costs and expenses of arbitration. (Siwy Decl. ¶ 8)

12.     Nonetheless, A11Y's Director, Jan Buchal, (by way of a July 20, 2018 email to Dr. Siwy) has effectively conceded its non-objectionable obligation to make payment but stated that A11Y is not presently financially capable of doing so. (Siwy Decl. ¶¶ 9-10)

### Cause of Action

13.     Paragraphs 1 through 12 of this Petition are repeated and realleged as if set forth fully herein.

14.     No proceedings are pending in France for the purpose of contesting the validity of the Award which is a final award.

15.     Moreover, the Award's quantum remains unsatisfied by A11Y which has also represented its current inability to pay.

4

16. For all of the foregoing reasons, the Czech Republic is entitled to an order confirming the Award and to entry of judgment in its favor, and against A11Y, in the amount of $373,932.02 plus interest and costs.

WHEREFORE, Petitioner, the Czech Republic, submits that this Court should:

a. Enter an order confirming the Award;

b. Enter judgment in favor of the Czech Republic, and against A11Y, in the amount of $373,932.02 plus interest and costs; AND

c. Grant such other and further relief as may be deemed just and equitable under the circumstances.

Dated: New York, New York
       August 20, 2018

FLOYD ZADKOVICH (US) LLP

By: /s/ Edward W. Floyd
    Edward W. Floyd
    Luke F. Zadkovich

215 Park Avenue South, 11th Floor
New York, New York 10003

(917) 999-6914

ed.floyd@floydzad.com
luke.zadkovich@floydzad.com